# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY,<br><br>        Plaintiff/Intervening Plaintiff,<br><br>    vs.<br><br>READY PAC FOODS, INC., and TACO BELL CORP.<br><br>        Defendant/Intervening Defendant.<br><br>TACO BELL CORP.,<br><br>        Third-Party Plaintiff,<br><br>    vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE CO.,<br><br>        Third-Party Defendant. | CASE NO.  CV 09-3220 RSWL (MANx)<br><br>PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION |

-1-

Based on the parties' Stipulation and [Proposed] Protective Order Re Confidential Information ("Stipulated Protective Order"), filed on June 9, 2010, the terms of the Stipulated Protective Order are adopted as a Protective Order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 5 and 13 of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document or thing as CONFIDENTIAL does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the partes' designation of any information, document, or thing as CONFIDENTIAL is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL does not – without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause. Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing

order.  Again, **competent evidence** supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## TERMS OF PROTECTIVE ORDER

This Order shall govern any document, thing, material, testimony, or other information derived therefrom in connection with discovery and pre-trial proceedings in this action, which any party to this litigation ("Party") designates as CONFIDENTIAL and is produced, by or on behalf of any Party in connection with this action.  The information that is subject to this Order, which may be designated as CONFIDENTIAL is (a) all information or material that is produced or disclosed by a producing Party to a receiving Party; (b) that the producing Party, including any Party, and any non-party producing information or material voluntarily or pursuant to a subpoena or court order, reasonably and in good faith considers to constitute or to contain trade secrets or other confidential research, development, proprietary, business or commercial information within the meaning of Fed. R. Civ. P. 26(c), including material or matter used by the Party in, or pertaining to, its business which matter is not generally known and which the Producing Party would normally not reveal to third parties or would cause third parties to maintain in confidence; (c) the disclosure of which would be likely to cause harm to the person or entity producing such

information or material; (d) whether embodied in physical objects, documents, or the factual knowledge of persons; and (e) which has been so designated by the producing Party. This Order does not govern proceedings during trial nor does it prohibit any Party from seeking a protective order to govern proceedings during trial.

As agreed in the parties' Stipulated Protective Order, **IT IS HEREBY ORDERED THAT**:

1. In designating information as CONFIDENTIAL a Party (the "Producing Party") shall make such a designation only as to information which the Producing Party in good faith believes constitutes confidential information. Upon designation, access to such CONFIDENTIAL material shall be limited to persons designated in accordance with paragraphs 3 through 5 of this Order and disclosure will be subject to the restrictions set forth in this Order.

2. The Producing Party may designate information as CONFIDENTIAL as follows:

    a. With respect to any documents produced, counsel for the Producing Party shall designate such CONFIDENTIAL documents by affixing to such documents, and each copy thereof, the legend CONFIDENTIAL or otherwise communicating that such documents are to be treated as CONFIDENTIAL after the time such documents are first produced.

    b. With respect to answers during depositions, counsel for the Producing Party shall designate such answers as CONFIDENTIAL as described in Paragraph 12.

3. The persons (other than the Court and the Court's reporter, clerk and Court staff) having access to the information designated as CONFIDENTIAL pursuant to this Order are as follows:

a. the attorneys (including in-house attorneys) working on this action on behalf of any Party, and all employees working under the direct supervision of such counsel;

b. any person not affiliated with a Party who is expressly retained by any attorney described in paragraph 3(a) to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.

c. to any directors, officers or management employees of a Party, and employees working at the direction of such individuals, who work on this litigation with disclosures only to the extent necessary to perform such work;

d. Claim administrators of a Party, and employees working at the direction of such individuals, who work on this litigation with disclosures only to the extent necessary to perform such work;

e. Persons or entities to whom the Party receiving the CONFIDENTIAL information has a contractual, legal, or regulatory obligation to provide CONFIDENTIAL information including reinsurers, reinsurance intermediaries, retrocessionaires, regulators, retrocessionary accountants and auditors of the Party receiving the CONFIDENTIAL information;

f. A witness at any deposition or other proceeding in this action; and

g. Court reporters transcribing testimony or arguments in this case.

4.  The persons described in paragraphs 3(b), (e) and (f) shall have access to the CONFIDENTIAL information only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the "non-disclosure agreement," attached hereto as Exhibit A,

-5-

provided however, that if a Party notices the deposition of a witness who is not a current or former employee of another Party and anticipates disclosing CONFIDENTIAL information during said deposition, that Party shall provide the witness with, and request that the deponent sign, Exhibit A prior to the deposition. A copy of the non-disclosure agreement shall be retained in the files of the counsel who obtains such an agreement. If the deponent refuses to sign Exhibit A prior to the deposition, the Party noticing the deposition shall advise all other Parties of this fact.

Any deponent's refusal to sign Exhibit A does not prohibit a Party from disclosing CONFIDENTIAL information to that deponent during the course of that deposition. In the event that a deponent has refused to sign Exhibit A, the deponent will not be permitted to retain or take from the deposition any information designated as CONFIDENTIAL. Further, while such deponent will be provided with a complete transcript of his or her deposition for the purpose of correcting and signing the deposition, such deponent shall not be permitted to retain any portions of the said transcript (including exhibits) that are designated as CONFIDENTIAL.

5. Each party or person who has signed or subsequently agrees to be bound by the Stipulated Protective Order and receives any CONFIDENTIAL information in accordance with any provision of this Order is subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

6. In the event that a Producing Party inadvertently fails to designate a document or other information contained therein as CONFIDENTIAL at the time of production, and the Producing Party thereafter discovers that documents or information were not properly designated, the Producing Party shall inform the recipient Party within a reasonable time after discovery, and the recipient Party shall make reasonable efforts to mark the document or information in the manner requested

by the Producing Party and thereafter treat the document in accordance with such marking.

7. The recipient of any CONFIDENTIAL information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary, confidential or privileged information.

8. Should a receiving Party need to disclose CONFIDENTIAL information beyond the terms of paragraphs 3 and 4, the attorneys working in this action on behalf of such Party (the "Moving Party") shall inform the Producing Party of the documents or information to be disclosed, the person or persons to whom disclosure is to be made, the extent of the disclosure required, and the basis for such disclosure. Approval of the disclosure will be obtained before disclosure is made by the Moving Party under this paragraph. This Order contemplates reasonable cooperation between the Parties with respect to any request for disclosure and approval will not be withheld without reasonable basis. In the event that the Parties are not able to resolve their differences, then a motion may be made in accordance with the procedures described in paragraph 10 hereof.

9. Any Party ("Moving Party") seeking to file, lodge, mark or otherwise provide to the Court any information designated as CONFIDENTIAL shall meet and confer with the Producing Party to determine if the Parties agree that such information should be filed under seal. If the Parties agree that the information should be filed under seal, the Moving Party shall file an application with the Court pursuant to Local Rule 79-5.1 seeking permission to file the material under seal. If the Parties cannot reach agreement concerning the matter, and the Producing Party still wants the CONFIDENTIAL information to be filed under seal, the Producing Party shall, within

ten (10) days after delivery of the written notice of the Moving Party's intent to file the CONFIDENTIAL material, submit an *ex parte* application, explaining why the information is to be filed under seal, and why the Parties were unable to reach a stipulation. If the Producing Party files the *ex parte* application within this period, the Moving Party shall refrain from filing the CONFIDENTIAL information until the motion is decided. If the Producing Party does not file the application within this time period, the Moving Party may file the CONFIDENTIAL information in open court.

In the event that the Court denies an application to file under seal, the Moving Party shall engage in a good faith effort with the Producing Party to accommodate the concerns of the Producing Party, including permitting the Producing Party to seek reconsideration by the Court and, subject to the provisions below, the Moving Party shall not file the CONFIDENTIAL material in open court unless and until such request for reconsideration is denied. Any such request for reconsideration shall be filed no later than ten (10) days from the date the Court denies the request to file under seal. If the Court denies reconsideration of its Order denying the request to file under seal, or the Producing Party does not request reconsideration within ten days, the Moving Party may file the CONFIDENTIAL material in open court.

10. A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any stage of these proceedings with such designation, such Party shall give counsel of record for the Producing Party written notice thereof, supported by reasons therefore specifying the document, information or other thing as to which such removal of the designation is sought. If the Parties cannot reach agreement concerning the matter within ten (10) days after delivery of the notice, or such shorter time as the Court may allow, then the Party seeking the removal of the designation may file and serve a motion for an Order

-8-

requesting such relief. Any such motion shall be made in accordance with Local Rule 37, except as such procedures may be modified by the Court. The Parties agree to cooperate in connection with the preparation of any required Joint Stipulation. If any of the Parties wishes to file a Joint Stipulation under seal, the Parties agree to comply with Paragraph 9. The burden of proving that information has been properly designated as CONFIDENTIAL is on the Party making such designation.

11. The Producing Party shall cooperate with the Moving Party in seeking the extension of any deadline set by the Court or the Local Rules for the filing of motions or other pretrial matters if such extension is necessary due to the employment of the procedures set out in paragraph 9 and shall waive any objection based on the passing of any deadline due to the use of the procedures set out in paragraph 9, and shall stipulate to the resolution of any dispute under paragraph 9 on an expedited basis. Notwithstanding the foregoing, if the Court denies a request to file CONFIDENTIAL material under seal and a motion for reconsideration is not decided before any deadline set by the Court for filing motions that applies to the motion to be filed by the Moving Party, the Moving Party may file the information marked CONFIDENTIAL in open court on the date of the filing deadline. In the event the request for reconsideration is thereafter granted, the moving Party will cooperate with the producing Party to execute a stipulation to have the CONFIDENTIAL material removed from the public file and filed under seal.

12. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL information shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Party to whose CONFIDENTIAL information the deponent has had access. Said review by counsel shall occur within fifteen (15) days after counsel's receipt of the transcript. Counsel shall designate on a separate piece of

paper the numbers of paragraphs and pages of the transcript containing CONFIDENTIAL information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and also to each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL information.  If there is no statement on the record designating any portion of the transcript as CONFIDENTIAL and if no such designation is made within fifteen (15) days after receipt of the transcript, the transcript shall be considered as not containing any CONFIDENTIAL information.

13. In the event any CONFIDENTIAL information is used in any open court proceeding in this action, the Party using such information shall take all reasonable steps to maintain its confidentiality during such use.

14. Nothing in this Order shall preclude any Party or its attorneys from (a) showing a document designated as CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action, (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as CONFIDENTIAL, (c) disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL.

15. Nothing in this Order shall prevent any attorney of record in the course of rendering advice to his or her client in connection with this action from conveying to any Party client his or her evaluation in a general way of CONFIDENTIAL information received in this action where such information is material to the scope of

the attorney's representation of his or her client. However, in rendering such advice and otherwise communicating with his or her client under the terms of this paragraph, the attorney shall not disclose the specific contents of any CONFIDENTIAL information produced by the other Party where that disclosure would be contrary to this Order.

16. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any Party. However, non-parties who designate material or information for protection under this Order shall not thereby obtain the right to have access to any CONFIDENTIAL information produced by any Party.

17. The CONFIDENTIAL information shall be used only for the purposes of this litigation, and not for any other purpose.

18. Within one hundred twenty (120) days of the termination of litigation between the Parties, all CONFIDENTIAL information and all copies thereof either shall be destroyed or returned to the Party which produced it. Notwithstanding the foregoing, nothing in this Order shall be deemed to bind the Court or any of its personnel to any of the terms of this paragraph.

19. This Order is without prejudice to the right of any Party to (a) seek relief from the Court, upon good cause shown, from any of its provisions, (b) seeking further protection from the Court including, but not limited to, an order restricting the disclosure of such information beyond the restrictions set forth in this Order, (c) to bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL or whether its use is restricted.

20. The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem

appropriate. The provisions of this Order regarding the use and/or disclosure of CONFIDENTIAL information shall survive the termination of this action to the extent the CONFIDENTIAL information is not or does not become known to the public, and the Court shall retain jurisdiction with respect to enforcement of this Order.

IT IS SO ORDERED.

DATED: August 3, 2010              _____

                              Hon. Margaret A. Nagle
                              United States Magistrate Judge

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have been given a copy and have read the **STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF INFORMATION** in *National Union Fire Insurance Company of Pittsburgh, Pa. v. Ready Pac Foods, Inc., et al.*, Case No. CV09-3220 RSWL, and I agree to be bound by its terms.  I acknowledge and agree that any documents or information received by me in connection with this matter marked "CONFIDENTIAL" and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order.  I further acknowledge and agree that all documents or information received by me in connection with this matter marked "CONFIDENTIAL" shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.  I consent to the jurisdiction of the United States District Court for the Central District of California, for the purposes of enforcing the order and penalizing violations thereof.

EXECUTED on _____, 20\_\_, at _____.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

By:
Name:
Title: