1                                        O

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  National Union Fire          )   CV 09-3220 RSWL (MANx)
    Insurance Company of         )
12  Pittsburgh, PA and American  )
    Guarantee & Liability        )   **ORDER re: PLAINTIFF-IN-**
13  Insurance Company,           )   **INTERVENTION AMERICAN**
                                 )   **GUARANTEE & LIABILITY**
14                               )   **INSURANCE COMPANY'S**
         Plaintiff/Intervening   )   **MOTION TO AMEND THE**
15       Plaintiff,              )   **COURT'S DECEMBER 28,**
                                 )   **2010 ORDER GRANTING**
16       v.                      )   **PARTIAL SUMMARY JUDGMENT**
                                 )   **[164] AND INTERVENING**
17                               )   **DEFENDANT AND THIRD-**
    Ready Pac Foods, Inc. and    )   **PARTY PLAINTIFF TACO**
18  Taco Bell Corp.,             )   **BELL CORPORATION'S**
                                 )   **MOTION TO CERTIFY THE**
19       Defendant/Intervening   )   **COURT'S DECEMBER 28,**
         Defendant.              )   **2010 ORDER FOR**
20  ─────────────────────────────)   **INTERLOCUTORY REVIEW**
                                 )   **[163]**
21  Taco Bell Corp.,             )
                                 )
22       Third-Party Plaintiff,  )
                                 )
23       v.                      )
                                 )
24                               )
                                 )
25  St. Paul Fire and Marine     )
    Insurance Company,           )
26                               )
         Third-Party Defendant.  )
27  ─────────────────────────────)

28

                                1

1      On March 02, 2011, Plaintiff-in-Intervention

2  American Guarantee & Liability Insurance Company's

3  Motion to Amend the Court's December 28, 2010 Order

4  Granting Partial Summary Judgment and Intervening

5  Defendant and Third-Party Plaintiff Taco Bell

6  Corporation's Motion to Certify the Court's December

7  28, 2010 Order for Interlocutory Review came on for

8  regular calendar before this Court.  The Court having

9  reviewed all papers submitted pertaining to these

10  Motions and having considered all arguments presented

11  to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

12

13    **I. Plaintiff-In-Intervention American Guarantee &**

14    **Liability Insurance Company's Motion To Amend The**

15    **Court's December 28, 2010 Order Granting Partial**

16    **Summary Judgment**

17

18    A. Legal Standard

19    Under Federal Rule of Civil Procedure 60(a), the

20  court may correct a clerical mistake or a mistake

21  arising from oversight or omission whenever one is

22  found in a judgment, order, or other part of the

23  record.  The court may do so on motion or on its own,

24  with or without notice. Fed. R. Civ. P. 60(a).

25    Pursuant to Federal Rule of Evidence 201(a), the

26  Court may take judicial notice of adjudicative facts

27  only. Fed. R. Evid. 201(a).  A judicially noticed fact

28  must be one not subject to reasonable dispute in that

it is either (1) generally known within the territorial
jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned.  Fed.
R. Evid. 201(b).  A court must take judicial notice if
a party requests it and supplies the court with the
requisite information.  Fed. R. Evid. 201(d).

### B. Analysis

As a preliminary matter, the Court **GRANTS**
Plaintiff-in-Intervention American Guarantee's Request
for Judicial Notice, pursuant to Federal Rule of
Evidence 201, of the facts establishing the priority of
coverage as between National Union policy number BE
5191146 (the "National Union Policy"), St. Paul policy
number QI02100125 (the "St. Paul Policy"), and American
Guarantee policy number AEC 5086682 02 (the "American
Guarantee Policy").  Specifically, the Court takes
judicial notice of the fact that the first layer of
excess liability coverage was afforded by the National
Union Policy, that the second layer of excess liability
coverage was afforded by the St. Paul Policy, and that
the third layer of excess liability coverage was
afforded by the American Guarantee Policy.

The Court **GRANTS** Plaintiff-in-Intervention American
Guarantee's Motion to Amend the Court's December 28,
2010 Order Granting Partial Summary Judgment pursuant
to Federal Rule of Civil Procedure 60(a).  The Court

1 issues an Amended Order to correct the clerical error.

2 The Amended Order reflects that Third-Party Defendant

3 St. Paul issued to Ready Pac a second layer excess

4 liability policy and that the American Guarantee Policy

5 is a third layer excess liability policy.

6

7 **II. Intervening Defendant And Third-Party Plaintiff**

8 **Taco Bell Corporation's Motion To Certify The**

9 **Court's December 28, 2010 Order For Interlocutory**

10 **Review**

11

12 A. Legal Standard

13 28 U.S.C. § 1292(b), which governs interlocutory

14 decisions, states:

15 when a district judge, in making in a civil action

16 an order not otherwise appealable under this

17 section, shall be of the opinion that such order

18 involves a controlling question of law as to which

19 there is a substantial ground for difference of

20 opinion and that an immediate appeal from the order

21 may materially advance the ultimate termination of

22 the litigation, he shall so state in writing in

23 such order.

24 28 U.S.C. § 1292(b).  The Supreme Court has held that

25 "federal law expresses the policy against piecemeal

26 appeals" and therefore interlocutory appeals should be

27 strictly construed.  Switzerland Cheese Ass'n v. E.

28 Horne's Market, Inc., 385 U.S. 23, 24 (1966).

1    B. Analysis

2        The Court **DENIES** Intervening Defendant and Third-

3    Party Plaintiff Taco Bell Corporation's Motion to

4    Certify the Court's December 28, 2010 Order for

5    Interlocutory Review.  The Court finds that Intervening

6    Defendant and Third-Party Plaintiff Taco Bell has not

7    met its burden in proving all of the required elements

8    for certification under 28 U.S.C. § 1292(b).

9        Courts have parsed Section 1292(b) into a

10   three-part test, assessing (1) whether a decision

11   involves a controlling question of law; (2) whether

12   there exists a substantial ground for difference of

13   opinion; and (3) whether immediate appeal may speed

14   ultimate resolution of the case. See, e.g., Loritz v.

15   CMT Blues, 271 F.Supp. 2d 1252, 1253-54 (S.D. Cal.

16   2003).

17

18               1. Controlling Issue of Law/ May Materially

19               Advance The Termination Of The Litigation

20       An issue is "controlling" if "resolution of the

21   issue on appeal could materially affect the outcome of

22   litigation in the district court." In re Cement

23   Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982)

24   (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785

25   (9th Cir. 1966)).  "Although resolution of the issue

26   need not necessarily terminate an action in order to be

27   'controlling,' ... it is clear that a question of law

28   is 'controlling' if reversal of the district court's

1  order would terminate the action." <u>Klinghoffer v.</u>

2  <u>S.N.C. Achille Lauro</u>, 921 F.2d 21, 24 (1990).

3       "The third requirement for an interlocutory appeal,

4  that the appeal must be likely to materially speed the

5  termination of the litigation, is closely linked to the

6  question of whether an issue of law is 'controlling,'

7  because the district court should consider the effect

8  of a reversal on the management of the case." <u>L.H.</u>

9  <u>Meeker v. Belridge Water Storage Dist.</u>, 2007 WL 781889,

10  at *6 (E.D. Cal. March 13, 2007) (citing <u>In re Cement</u>,

11  673 F.2d at 1026).

12       Accordingly, the Court will jointly address the

13  first and third elements necessary for certification

14  under Section 1292(b).  The Court will then address the

15  second element of whether there exists a substantial

16  ground for difference of opinion.

17       The Court finds that the issue of whether the

18  insurance policies issued to Ready Pac by National

19  Union, St. Paul, and American Guarantee cover the

20  damages asserted by Taco Bell for the decline in

21  patronage at Taco Bell restaurants as a result of the

22  E. coli outbreak is a controlling question of law and

23  that resolution of this issue on appeal could

24  materially affect the outcome of this litigation as it

25  would adjudicate a substantial category of damages.

26       In the Ninth Circuit, "all that must be shown in

27  order for a question to be 'controlling' is that

28  resolution of the issue on appeal could materially

1  affect the outcome of litigation in the district

2  court." In re Cement, 673 F.2d at 1026. See U.S. Rubber

3  Co., 359 F.2d at 785.

4      Taco Bell has identified five different types of

5  loss/injury it allegedly suffered as a result of the E.

6  coli outbreak,[1] which are the subject of the declaratory

7  relief action currently before this Court.  Taco Bell's

8  fifth category of loss for the alleged decline in

9  patronage at Taco Bell restaurants as a consequence of

10  the bodily injuries suffered by Taco Bell customers and

11  property damage to Taco Bell food products (the "Lost

12  Patronage Claim") relates to a significant portion of

13  damages alleged by Taco Bell to be covered under Ready

14  Pac's insurance policies.  Accordingly, the Court finds

15  that disposition of the merits of the Lost Patronage

16

17

18      [1] Taco Bell alleges five types of injury, damage or
loss resulting from the E. coli outbreak: the lettuce
19  provided by Ready Pac caused (a) bodily injury to
customers at Taco Bell restaurants, (b) property damage
20  to meals served at Taco Bell restaurants, including
contamination of food and other items coming in contact
21  with the contaminated lettuce as well as contamination
of surfaces and equipment in the Taco Bell restaurants,
22  (c) the destruction of other food and items based on
concerns over their possible contamination, (d) losses
23  suffered while Taco Bell restaurants were inoperable
during the investigation, clean-up, and replacement of
24  property damaged by the E. coli outbreak, and (e)
losses suffered because of the decline in patronage at
25  all Taco Bell restaurants as a consequence of the
bodily injuries suffered by Taco Bell customers and
26  property damage to Taco Bell food products. [Taco
Bell's Answer and Counterclaim, 4:16-27.]

27

28

1  Claim, would materially alter the outcome of the

2  litigation.

3      Therefore, the Court finds that the Court's

4  December 28, 2010 Order does involve a controlling

5  question of law proper for certification for appeal

6  under 28 U.S.C. § 1292(b).  However, while an immediate

7  appeal would allow for resolution of the largest

8  portion of damages and materially advance the

9  termination of this litigation, the Court finds that

10 Taco Bell has not met its burden in proving all of the

11 required elements for certification under 28 U.S.C. §

12 1292(b).  Specifically, the Court finds that

13 Intervening Defendant and Third-Party Plaintiff Taco

14 Bell has not met its burden in proving that there is a

15 substantial ground for difference of opinion to warrant

16 certification of the Court's December 28, 2010 Order

17 under 28 U.S.C. § 1292(b).

18

19      2. Substantial Ground For Difference Of Opinion

20      Substantial grounds for a difference of opinion

21 required to certify an order for interlocutory review

22 arise when an issue involves one or more difficult and

23 pivotal questions of law not settled by controlling

24 authority. See 28 U.S.C. § 1292(b).

25      It is clear that California law controls the

26 interpretation of the language in the insurance

27 policies at issue in this declaratory relief action.

28 Federal courts sitting in diversity apply the forum

1 state's substantive law regarding declaratory relief.

2 <u>See, e.g., Valley Forge Ins. Co. v. APL Co. Pte. Ltd.</u>,

3 2010 WL 960341, *4, n. 5 (C.D. Cal. 2010).  More

4 specifically, in a diversity action, the forum state's

5 law governs the interpretation of the insurance policy.

6 <u>Bell Lavalin, Inc. v. Simcoe and Erie General Ins. Co.</u>,

7 61 F.3d 742, 745 (9th Cir. 1995).

8     Here, Taco Bell has not met its burden in proving

9 that there is a substantial ground for difference of

10 opinion with regard to how the California Supreme Court

11 would view coverage for Taco Bell's economic damages.

12 The Court determined, through its December 28, 2010

13 Order, that California law as set forth in <u>Geddes &</u>

14 <u>Smith, Inc. v. St. Paul-Mercury Indemnity Co</u>., 51 Cal.

15 2d 558 (1959)("Geddes I"), <u>Geddes & Smith, Inc. v. St.</u>

16 <u>Paul-Mercury Indemnity Co.</u>, 63 Cal. 2d 602, 609

17 (1965)("Geddes II"), and <u>Hogan v. Midland National</u>

18 <u>Insurance Co.</u>, 3 Cal. 3d 553 (1970)("Hogan") remains

19 good law in California and controls with respect to the

20 issue of coverage for the claims for lost profits due

21 to the alleged decline in patronage at Taco Bell

22 restaurants.  The Court finds that Taco Bell's argument

23 that the Court misinterpreted California law amounts to

24 Taco Bell's strong disagreement with the Court's

25 interpretation and application of California legal

26 authority.

27     However, in ruling on motions to certify pursuant

28 to 28 U.S.C. § 1292(b), "[a] party's strong

1  disagreement with the Court's ruling is not sufficient
2  for there to be a substantial ground for difference of
3  opinion" sufficient to satisfy Section 1292(b)'s second
4  criteria. <u>Couch v. Telescope, Inc.</u>, 611 F.3d 629, 633
5  (9th Cir. 2010). <u>See</u> <u>Judicial Watch, Inc. v. Nat'l</u>
6  <u>Energy Policy Dev. Group</u>, 233 F.Supp. 2d 16, 31 (D.D.C.
7  2002) ("[D]efendants' conviction of the correctness of
8  their position is insufficient to carry them over the
9  high threshold posed by the standard governing
10 certification for interlocutory appeal.").
11      Furthermore, interlocutory review "should not be
12 used merely to provide a review of difficult rulings in
13 hard cases." <u>McCann v. Communications Design Corp.</u>, 775
14 F. Supp. 1506, 1534 (D. Conn. 1991)(citing <u>U.S. Rubber</u>
15 <u>Co.</u>, 359 F.2d at 785).  Instead, interlocutory appeals
16 under Section 1292(b) are to be permitted "sparingly,"
17 i.e., only in "exceptional" and "extraordinary"
18 circumstances. <u>See</u> <u>James v. Price Stern Sloan, Inc.</u>,
19 283 F.3d 1064, 1068, n. 6 (9th Cir. 2002) (noting that
20 such certification is appropriate only "in rare
21 circumstances").
22      The Court's December 28, 2010 ruling is based on
23 established precedent from the California Supreme
24 Court.  Taco Bell's reliance on out-of-state cases and
25 decisions from other circuits as well as an unpublished
26 Central District Court ruling does not support a claim
27 that there is a substantial ground for a difference of
28 opinion regarding this Court's interpretation of

1 California law.  With regard to Taco Bell's reliance on

2 <u>AIU Insurance Co. v. Superior Court</u>, 51 Cal. 3d 807

3 (1990)("AIU Insurance") and <u>Globe Indemnity Co. v.</u>

4 <u>California</u>, 43 Cal. App. 3d 745 (1974)("Globe"), these

5 cases did not specifically address the issue before

6 this Court of whether a claim for lost profits and loss

7 of goodwill constitutes a claim for damages because of

8 property damage.  Neither <u>AIU Insurance</u> nor <u>Globe</u>

9 involved intangible economic loss claims for lost

10 profits or loss of goodwill.

11       Additionally, while <u>AIU Insurance</u> is a California

12 Supreme Court decision, <u>Globe</u> is not.  Therefore, <u>Globe</u>

13 cannot support a claim of substantial ground for

14 difference of opinion.  It is a California Court of

15 Appeal decision and <u>Geddes I</u>, <u>Geddes II</u>, and <u>Hogan</u> are

16 all California Supreme Court decisions, which this

17 Court is bound to follow given that California law

18 governs the interpretation of insurance policies. <u>Chalk</u>

19 <u>v. T-Mobile USA, Inc.</u>, 560 F.3d 1087, 1092 (9th Cir.

20 2009).  Moreover, the California Supreme Court, in

21 <u>Waller v. Truck Insurance Exchange, Inc.</u>, 11 Cal. 4th

22 1, 17-18 (1995), expressly held that "a complaint

23 seeking to recover damages of this nature from an

24 insured, falls within the scope of insurance coverage

25 only where those intangible economic losses provide 'a

26 measure of damages to physical property which is within

27 the policy's coverage.'"

28       Accordingly, the Court finds that Taco Bell has

1 failed to meet its burden in proving that there is a

2 substantial ground for difference of opinion to warrant

3 certification of the Court's December 28, 2010 Order

4 under 28 U.S.C. § 1292(b).

5    Furthermore, the Court cannot certify a question of

6 law when not all three elements of Section 1292(b) have

7 been met, despite the order involving a controlling

8 question of law and the fact that certification would

9 materially advance the termination of litigation. <u>See</u>

10 <u>Couch</u>, 611 F.3d at 633.  Satisfaction of all statutory

11 requirements set forth in Section 1292(b) is mandatory,

12 and certification granted where each of these criteria

13 is not satisfied renders the district court's

14 certification "jurisdictionally defective." <u>Id.</u>

15    Accordingly, the Court finds that Intervening

16 Defendant and Third-Party Plaintiff Taco Bell has not

17 met its burden in proving all of the required elements

18 for certification under 28 U.S.C. § 1292(b) and

19 therefore **DENIES** its Motion to Certify the Court's

20 December 28, 2010 Order for Interlocutory Review.

21

22 DATED: March 18, 2011

23 **IT IS SO ORDERED.**

24                                    RONALD S.W. LEW

25                          _____

26                          **HONORABLE RONALD S.W. LEW**

27                          Senior, U.S. District Court Judge

28