O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA and American Guarantee & Liability Insurance Company,<br><br>　　Plaintiff/Intervening Plaintiff,<br><br>　　v.<br><br>Ready Pac Foods, Inc. and Taco Bell Corp.,<br><br>　　Defendant/Intervening Defendant. | CV 09-3220 RSWL (MANx)<br><br>**ORDER RE: PLAINTIFF NATIONAL UNION'S MOTION FOR CERTIFICATION OF FRCP 54(B) JUDGMENT AND REQUEST FOR STAY OF PROCEEDINGS [172]** |
| Taco Bell Corp.,<br><br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>St. Paul Fire and Marine Insurance Company,<br><br>　　Third-Party Defendant. | |

1

On April 12, 2011, Plaintiff National Union Fire Insurance Company's ("National Union") Motion for Certification of FRCP 54(b) Judgment and Request for Stay of Proceedings [172] came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Plaintiff National Union's Motion for Certification of FRCP 54(b) Judgment and Request for Stay of Proceedings.

**I. Background**

This insurance coverage action arises out of claims asserted against Defendant Ready Pac Foods, Inc. ("Ready Pac") by intervenor Taco Bell Corp. ("Taco Bell") resulting from an outbreak of E. coli bacteria at various Taco Bell restaurants in the Northeast in 2006. Taco Bell contends the E. coli outbreak was caused by contaminated lettuce supplied, at least in part, by Ready Pac.

During the period in which the outbreak occurred, Ready Pac was insured by Plaintiff National Union with a commercial liability policy (the "National Union Policy"). Third-Party Defendant St. Paul Fire and Marine Insurance Company ("St. Paul Fire") issued Ready Pac a second layer excess liability policy (the "St. Paul Policy"). The St. Paul Fire Policy was excess to the National Union Policy and provided "Following Form"

coverage. In addition to the commercial excess liability policy issued by National Union, and the second layer commercial excess liability policy issued by St. Paul, Plaintiff-in-Intervention American Guarantee & Liability Insurance Company ("American Guarantee") issued Ready Pac a third layer excess liability policy (the "American Guarantee Policy"). Taco Bell contends that all three Policies provide coverage for Ready Pac's liability, if any, for Taco Bell's economic loss arising out of an alleged decline in patronage at Taco Bell restaurants due to the E. coli outbreak.

On December 28, 2010, this Court issued an Order granting the Motions for Partial Summary Judgment of Plaintiff National Union, Plaintiff-in-Intervention American Guarantee, and Third-Party Defendant St. Paul Fire and found that Ready Pac's insurance policies did not provide coverage for the category of damages that Taco Bell suffered because of the decline in patronage at Taco Bell restaurants as a consequence of the bodily injuries suffered by Taco Bell customers and/or property damage to Taco Bell food products.[1]  On March

---

[1] On November 30, 2009, Taco Bell filed suit in Los Angeles Superior Court against Ready Pac, as the likely supplier of the contaminated product, alleging Breach of Implied Warranty, Negligence, and Negligent Interference with Prospective Economic Advantage related to the Outbreak. In the state action, Taco Bell Corp., along with other operators of Taco Bell restaurants, Taco Bell of America Inc., KFC U.S.

3

18, 2011, the Court issued an Amended Order reflecting that Third-Party Defendant St. Paul Fire issued to Defendant Ready Pac a second layer excess liability policy and that the American Guarantee Policy is a third layer excess liability policy.

**II. Request for Judicial Notice**

<u>A. Legal Standard</u>

Pursuant to Federal Rule of Evidence 201(a), the Court may take judicial notice of adjudicative facts only. Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d).

As a preliminary matter, the Court **GRANTS** Plaintiff National Union's Request for Judicial Notice, pursuant to Federal Rule of Evidence 201, of the following: 1) the Complaint filed in this action by National Union on May 7, 2009 [1], 2) the Answer and Counterclaim filed by Intervenor Taco Bell Corp. on November 5, 2009 [47],

---

Properties, Inc., KFC Corporation, and more than 500 of Taco Bell Corp.'s franchisees sued Ready Pac Produce, Inc., Ready Pac Foods, Inc., Gertmenian Produce, Inc., and Ready Pac Florence Partnership, case No. BC427015.

4

and 3) the Complaint in the action entitled <u>Taco Bell Corp., et al. v. Ready Pac Produce, Inc., et al.</u>, filed in the Los Angeles County Superior Court, Case No. BC 427015 on November 30, 2009. The Court may take judicial notice of court filings and other matters of public record. See <u>Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998).

**III. Motion for Certification of Federal Rule of Civil Procedure 54(b) Judgment**

<u>A. Legal Standard</u>

Under Federal Rule of Civil Procedure 54(b), when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).

A district court has discretion when deciding whether to enter judgment under Rule 54(b). See <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 8, (1980). A district court must first determine that there "is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered

5

in the course of a multiple claims action.'" Id. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Next, "the district court must go on to determine whether there is any just reason for delay." Id. at 8. In making this determination, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

Such factors are important in order to "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438). The Supreme Court also suggested that a district court consider other factors such as the economic consequences of delaying judgment or encouragement of settlement. Curtiss-Wright, 446 U.S. at 8-12.

### B. Analysis

The Court **GRANTS** Plaintiff National Union's Motion for Certification of FRCP 54(b) Judgment. The Court finds that Plaintiff National Union has met its burden in proving all of the required elements for certification under Federal Rule of Civil Procedure 54(b).

There are three requirements for an early appeal

under Rule 54(b): (1) the case must include multiple claims; (2) the trial judge must render a final decision on at least one of those claims; and (3) the trial judge must determine that there is no just reason to delay the appeal of the claim or claims already decided. Fed. R. Civ. P. 54(b).

### I. Action Involves Multiple Claims

The Court finds that this case involves multiple claims. National Union filed its Complaint for Declaratory Relief against Ready Pac Foods, Inc. on May 05, 2009 [1]. National Union's Complaint sought a declaratory judgment regarding whether National Union is obligated, if at all, to indemnify Ready Pac for Taco Bell's business interruption claims.

On November 05, 2009 Intervening Defendant and Third-Party Plaintiff Taco Bell filed its Answer to National Union's Complaint and also filed its Counterclaim for Declaratory Relief [47]. Taco Bell's Counterclaim sought a judicial declaration on whether the National Union Policy covers the claims made by Taco Bell against Ready Pac for bodily injury, property damage, and consequential or economic losses.

In paragraph sixteen of its Counterclaim, Taco Bell alleged five types of injury, damage or loss resulting from the E. coli outbreak: the lettuce provided by Ready Pac caused (a) bodily injury to customers at Taco Bell restaurants, (b) property damage to meals served at Taco Bell restaurants, including contamination of

food and other items coming in contact with the contaminated lettuce as well as contamination of surfaces and equipment in the Taco Bell restaurants, (c) the destruction of other food and items based on concerns over their possible contamination, (d) losses suffered while Taco Bell restaurants were inoperable during the investigation, clean-up, and replacement of property damaged by the E. coli outbreak, and (e) losses suffered because of the decline in patronage at all Taco Bell restaurants as a consequence of the bodily injuries suffered by Taco Bell customers and property damage to Taco Bell food products. [Taco Bell's Countercl. ¶ 16.] The losses described in 16(e) have been characterized as the Lost Patronage Claim.

### ii. Final Decision Rendered On The Lost Patronage Claim

Whether an order qualifies as a final decision is governed by 28 U.S.C.A. § 1291. To be final, the decision must be "an ultimate disposition" of that claim. Curtiss-Wright Corp., 446 U.S. at 7. In general, a decision is considered final when the only thing left for the court to do, with respect to that claim, is execute the judgment. Riley v. Kennedy, 553 U.S. 406 (2008).

"It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." Cheng v. Commissioner, 878 F.2d 306, 309 (9th

Cir. 1989)(citing <u>Wolf v. Banco Nacional de Mexico, S.A.</u>, 721 F.2d 660, 662 (9th Cir. 1983). As a result, parties ordinarily must obtain Rule 54(b) certification in order to appeal partial summary judgments. <u>E.g.</u>, <u>Sierra Club v. DOT</u>, 948 F.2d 568, 571-72 (9th Cir. 1991).

On December 28, 2010, this Court entered an Order granting the Motions for Partial Summary Judgment of Plaintiff National Union, Plaintiff-in-Intervention American Guarantee, and Third-Party Defendant St. Paul Fire and found that Ready Pac's insurance policies did not provide coverage for the category of damages that Taco Bell suffered because of the decline in patronage at Taco Bell restaurants as a consequence of the bodily injuries suffered by Taco Bell customers and/or property damage to Taco Bell food products ("Lost Patronage Claim"). On March 18, 2011, the Court issued an Amended Order reflecting that Third-Party Defendant St. Paul Fire issued to Ready Pac a second layer excess liability policy and that the American Guarantee Policy is a third layer excess liability policy.

The Court finds that its March 18, 2011 Amended Order granting partial summary judgment on the Lost Patronage Claim qualifies as a final decision for purposes of Rule 54(b) certification.

### iii. No Just Reason To Delay The Appeal Of The Lost Patronage Claim

In order to find that there is "no just reason for

delay," the trial court must find that the resolved claims are separate from the unresolved claims. Curtiss-Wright Corp., 446 U.S. at 8. In general, courts look to practical factors like whether the claims involve common facts, whether they involve common legal issues, and whether they involve overlapping relief. See id. In finding that there is "no just reason for delay" the district court "must take into account judicial administrative interests as well as the equities involved." Id. at 8.

The Court finds that the Lost Patronage Claim is sufficiently severable and distinct from the other claims for which Taco Bell seeks a declaration of coverage here, such as claims for bodily injury, claims for damages in the form of contaminated food products, and claims for the clean-up of contaminated restaurants.

Moreover, the Lost Patronage Claim presents a severable legal issue of coverage for intangible economic loss. At least three of Taco Bell's claims as outlined in items 16 (a), (b), and (c), do not involve lost profits and loss of goodwill. With regard to Taco Bell's 16(d) claim, it involves a claim for lost profits but only for the restaurants that were actually closed due to the E. coli outbreak. Therefore, the Lost Patronage Claim presents a legal issue that is unique and distinct from the other types of loss for which Taco Bell seeks a declaration of coverage.

The Court finds that there is no just reason for delay of entry of final judgment in favor of Plaintiff National Union, Plaintiff-in-Intervention American Guarantee, and Third-Party Defendant St. Paul Fire with regard to the Lost Patronage Claim. Whether there is coverage for Taco Bell's other claims as outlined in items 16 (a) through (d) is a separate issue such that there is no just reason to delay entry of judgment declaring that there is no coverage for the Lost Patronage Claim. Accordingly, the Court's March 18, 2011 Amended Order granting partial summary judgment on the Lost Patronage Claim is sufficiently severable both legally and factually from the remaining matters to warrant Rule 54(b) certification.

Furthermore, it is well established that entry of judgment on adjudicated claims under Rule 54(b) is appropriate where the claims determine the scope of trial as to the remaining issues. See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987) (approving Rule 54(b) entry of judgment where "the district court effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions"). The Lost Patronage Claim is by far the largest claim in terms of monetary value that Taco Bell asserts against Ready Pac. Moreover, the business interruption losses identified in the Lost Patronage Claim appear to be the only losses that could

reach the limits of the excess policies issued by Third-Party Defendant St. Paul Fire and Intervening Plaintiff American Guarantee.

As such, the Court finds that resolution of this claim on appeal would permit immediate appeal of both the most significant coverage issue in this case and the only coverage issue that potentially impacts the St. Paul Fire and American Guarantee policies. Furthermore, the Court finds that resolution of this claim on appeal may also significantly advance resolution of the underlying action between Taco Bell and Ready Pac currently pending in Los Angeles Superior Court.

Therefore, the Court finds that it would be in the interest of judicial economy for the Court to enter a Rule 54(b) judgment and that there is no just reason for delay of entry of final judgment at this time.

**IV. Stay Of Further Proceedings In This Case Pending Appeal**

A. Legal Standard

A district court has discretionary power to stay proceedings in its own court. Landis v. North American Co., 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. In exercising this

1 | judgment, the court must "rest on considerations of
2 | wise judicial administration, giving regard to
3 | conservation of judicial resources and comprehensive
4 | disposition of litigation." <u>Colorado River Water</u>
5 | <u>Conservation Dist. v. United States</u>, 424 U.S. 800, 817
6 | (1976).  In doing so, the Court must weigh competing
7 | interests and maintain an even balance.  <u>See</u> <u>id.</u>

### B. Analysis

The Court **STAYS** further proceedings in this case pending resolution of any appeal taken from the Rule 54(b) Judgment.  While the Court is cognizant of the costs incurred by American Guarantee in monitoring the Los Angeles Superior Court Action during the pendency of this coverage action, such a financial burden does not warrant this Court denying the request for stay of the coverage action pending Taco Bell's anticipated appeal.

DATED: May 9, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

13